[Civ. No. 7554. First Appellate District, Division One.—February 27, 1931.]

ANNA E. NICHOLSON, Appellant, v. MABEL J. VEGHTE et al., Respondents.

Charles McLaughlin and Joseph H. Mayer for Appellant.

Manson & Allan for Respondents.

TYLER, P. J.—Action to recover damages for fraud in the exchange of certain parcels of real property.

Plaintiff and appellant alleged that she was the owner of certain flats located on Leavenworth Street in San Francisco which she agreed to exchange for an apartment house located on Sacramento Street in the same city upon the following terms: Said flats to go in at a valuation of $16,000, subject to a mortgage of $2,000, the net value being $14,000; the apartment house valued at $22,500 was subject to a mortgage of $11,000, the net value being $11,500; defendant Veghte to pay to plaintiff $2,500 in cash, and plaintiff to pay the broker who negotiated the exchange the sum of $650 for his services. Plaintiff charged that she was induced to enter into the agreement of exchange by fraudulent misrepresentations as to the value of the apartment house, its income, the amount of taxes to

which it was subject, and the character of the mortgage with which it was impressed. She prayed for damages in the sum of $7,500.

The lower court found in favor of defendants upon all the issues and rendered judgment in their favor. Plaintiff relies for reversal of the judgment on the ground that there is no substantial evidence to support the findings and that such findings are contrary thereto. There is absolutely no merit in the appeal. While there was a conflict in the evidence as to the value of the apartments, the preponderance of such evidence shows that the property was worth the full amount that defendants claimed it to be worth. The same is true as to the other alleged misrepresentations. Moreover, the record shows that plaintiff acted freely and of her own volition in entering into the agreement of exchange and concluding the same; that she made a full and independent investigation of all the matters in connection with and in consummation of the transaction and acted upon her own judgment. The appeal is entirely lacking in merit.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.